UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
GEORGE S. WYNNS,                   ORDER
                                   09-CV-3208 (JS)
                                   Bankr. Adv. Pro. No. 08-8133
            Appellant,

      -against-

DIANA G. ADAMS,
United States Trustee,

            Appellee.
-------------------------------X
APPEARANCES:
For Appellant:      George S. Wynns, pro se
                    60 29th Street #128
                    San Francisco, CA 94110

For Appellee:       Stan Yuon Yang, Esq.
                    Office of the United States Trustee
                    Long Island Federal Courthouse
                    560 Federal Plaza - Room 560
                    Central Islip, NY 11722-4437

SEYBERT, District Judge:

On May 31, 2009,[1] the Bankruptcy Court found that Appellant George S. Wynns violated the United States Bankruptcy Code by: (1) serving as a non-attorney bankruptcy petition preparer without providing the required disclosures; (2) engaging in the unauthorized practice of law; and (3) serving as a "debt relief agency" without providing his clients with written contracts. As a remedy, the Bankruptcy Court ordered

---

[1] On June 15, 2009, the Bankruptcy Court amended its Memorandum Decision. See In re Clarke, __ B.R. __, 2009 WL 1704492 (E.D.N.Y. Bankr. 2009). The Amended Memorandum Decision corrected minor pagination issues with footnotes, but did not modify any substantive rulings.

Mr. Wynns to pay $6,750 in fines, statutory damages and attorneys' fees. In addition, the Bankruptcy Court enjoined Mr. Wynns from committing further violations. Mr. Wynns appealed.

For the foregoing reasons, the Bankruptcy Court's Order is AFFIRMED IN PART AND REVERSED IN PART.

BACKGROUND

George Wynns is a California resident. Although he graduated from law school, Mr. Wynns is not an attorney. For the past 20 years, he has operated a part-time business known as The Bankruptcy Assistant. The Bankruptcy Assistant primarily performs contract paralegal work for attorneys. Its website, www.thebankruptcyassistant.com advertises its services exclusively to attorneys, not to the general public. See Docket No. 1-5 at p. 1 ("Bankruptcy Attorneys: Gain more time, service more clients, and increase your firm's net income by outsourcing tedious and time consuming forms preparation tasks"). The website contains a legal disclaimer informing potential clients that "**The Bankruptcy Assistant** is not a law firm and cannot provide legal advice." Id. (emphasis in original).

Although Mr. Wynns primarily works for attorneys, in April 2008, he agreed to prepare some bankruptcy petitions for non-attorney Jeffery Giordano, who operated a New York debt resolution service. (Tr. 79). Under this arrangement, Mr. Giordano forwarded Mr. Wynns information he received from his

clients, Debtors Charles and Donalee Clarke and George and Theodora Najdek, and promised to pay Mr. Wynns $150 for each petition. Mr. Wynns then got to work preparing the Clarkes' and Najdeks' bankruptcy petitions. He did so without first providing the Clarkes or the Najdeks with written notice that he "is not an attorney and may not practice law or give legal advice." See 11 U.S.C. § 110(b)(2) (requiring non-attorney bankruptcy preparers to provide such notice). Mr. Wynns did, however, provide this notice after he began working on the petitions. Mr. Wynns also did not provide a written contract to either the Clarkes or Najdeks. See 11 U.S.C. § 528(a).

The Najdeks, apparently, had no further issues with their bankruptcy petition that involved Mr. Wynns. But the Clarkes did. On April 4, 2008, the Clerk of the Court issued a Notice of Deficiency informing them that they needed to file additional documents in support of their petition. In response, Mr. Wynns wrote the Clarkes to explain what the Notice of Deficiency required, provide his thoughts on what else the Clarkes should submit, enclose certain documents, and remind them about upcoming filing deadlines. After the Clarkes completed the requisite forms, Mr. Wynns then wrote the Clerk of the Court on the Clarkes' behalf.

The U.S. Trustee then commenced this action, alleging that Mr. Wynns' conduct violated 11 U.S.C. §§ 110, 528. On

3

April 7, 2008, the Bankruptcy Court held a trial. On May 31, 2008, the Bankruptcy Court issued a Memorandum Decision, finding that: (1) Mr. Wynns violated § 110(b)(2)(A) by serving as a bankruptcy petition preparer for the Clarkes and Najdeks without first providing the proper disclosures; (2) Mr. Wynns violated § 110(e)(2)(A) by engaging in the unauthorized practice of law; and (3) Mr. Wynns violated § 528(a)(1) by serving as a "debt relief agency" without providing written contracts to his clients. The Bankruptcy Court then: (1) fined Mr. Wynns $500 for his role in the Clarkes' petition and $250 for his role in the Najdeks' petition; (2) ordered him to pay the Clarkes and Najdeks $2,000 each in statutory damages under § 110(i)(1); (3) ordered him to pay the U.S. Trustee $2,000 in attorneys' fees under § 110(i)(2); and (4) enjoined Mr. Wynns from further "improper conduct." See In re Clarke, 2009 WL 1704492 at *9.

On appeal, Mr. Wynns argues: (1) the Bankruptcy Court lacked personal jurisdiction over him; (2) the U.S. Trustee violated his due process rights in litigating against him; (3) the Bankruptcy Court erred in finding that he engaged in the unauthorized practice of law; (4) the Bankruptcy Court erred in issuing an injunction; (5) the Bankruptcy Court erred in assessing fines, damages and attorneys' fees against him under § 110(i); and (6) the Bankruptcy Court should have awarded him

attorneys' fees and costs. Mr. Wynns' appeal does not contest his violations of §§ 110(b)(2)(A) and 528(a)(1).

In responding to Mr. Wynns' appeal, the U.S. Trustee concedes that the Bankruptcy Court erred when it ordered Mr. Wynss to pay the U.S. Trustee $2,000 in attorneys' fees. But the U.S. Trustee opposes Mr. Wynns' remaining contentions.

### STANDARD OF REVIEW

"On an appeal the district court . . . may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." FED. R. BANK. P. 8013. The Bankruptcy Court's "finding[s] of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous . . . ." Id.; see also In re Momentum Mfg. Co., 25 F.3d 1132, 1136 (2d Cir. 1994); In re PCH Assoc., 949 F.2d 585, 597 (2d Cir. 1992). "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Factual findings must be upheld if plausible in light of the record viewed in its entirety." Robbins Int'l, Inc. v. Robbins MBW Corp., 275 B.R. 456, 464-65 (S.D.N.Y. 2002) (internal quotations, citations omitted). The Bankruptcy Court's legal conclusions are reviewed de novo. See In re Momentum Mfg. Co., 25 F.3d at 1136.

DISCUSSION

I. Personal Jurisdiction

Mr. Wynns first argues that the Bankruptcy Court lacked personal jurisdiction over him because he lives in California and lacks minimum contacts with New York. The Court disagrees. The U.S. Trustee's claim against Mr. Wynns derives from Mr. Wynns' acts in New York, specifically his: (1) preparation of New York residents' bankruptcy petitions for filing in the E.D.N.Y. Bankruptcy Court; (2) his failure to provide New York residents with legally required disclosures; (3) his letter to the Clarkes, sent to their home in Bellport, New York; and (3) his letter to the E.D.N.Y. Bankruptcy Court's Clerk of the Court. Accordingly, although Mr. Wynn has few on-going contacts with New York, personal jurisdiction is appropriate under the specific jurisdiction doctrine. See N.Y. C.P.L.R. §§ 302 (permitting New York courts to exercise personal jurisdiction over non-domiciliaries for various kinds of acts, including transacting business in New York, engaging in tortuous conduct in New York or directing tortuous conduct at New York residents).

II. Due Process

Mr. Wynns also argues that the U.S. Trustee's action against him violates due process of law. In this regard, Mr. Wynns argues that his statutory violations were minor and harmed

nobody.  Thus, Mr. Wynns contends, the U.S. Trustee should have refrained from bringing this action against him.  Alternatively, Mr. Wynns argues that the U.S. Trustee should have agreed to settle this case on terms favorable to Mr. Wynns.

The Court agrees with Mr. Wynns that his violations were relatively insignificant, and that neither the Clarkes nor the Najdeks complained about his performance.  But, at most, the seriousness of Mr. Wynns' violations goes only to the U.S. Trustee's wisdom in choosing to expend its limited resources targeting him for enforcement.  It does not implicate due process, because Mr. Wynns has no due process right to avoid punishment for minor infractions.  Nor does Mr. Wynns have any due process right to compel the U.S. Trustee to settle enforcement actions on favorable terms.  Thus, Mr. Wynns' due process argument fails.

III. <u>11 U.S.C. § 11(e)(2)(A)</u>

11 U.S.C. § 110(e)(2)(A) prevents a bankruptcy petition preparer from offering "any legal advice."  In its Memorandum Decision, the Bankruptcy Court assumed, without explanation, that the prohibition on providing "any legal advice" meant a prohibition on "the unauthorized practice of law."  <u>In re Clarke</u>, 2009 WL 1704492 at *6-7.  The Bankruptcy Court then looked at how New York defines "the practice of law," and noted that it includes tasks such as "preparing legal

7

instruments." Id. at *6 (internal quotations omitted). Applying this expansive definition, the Bankruptcy Court then concluded that Mr. Wynns violated § 110(e)(2)(A). In so reasoning, the Bankruptcy Court erred.

Specifically, the Bankruptcy Court erred in assuming that "any legal advice" means the same thing as "the practice of law." 11 U.S.C. § 110(e)(2)(A). It does not. In New York, the "'practice' of law . . . includes the rendering of legal advice," but is not limited to it. El Gemayel v. Seaman, 72 N.Y.2d 701, 706, 533 N.E.2d 245, 248-249 (N.Y. 1988). Practicing law also includes tasks such as "appearing in court and holding oneself out to be a lawyer," "drafting legal documents," and, as the Bankruptcy Court noted, "preparing legal instruments." See id., Tucci v. Dep't of State, 63 A.D.2d 835, 836, 405 N.Y.S.2d 846, 847 (4th Dep't 1978); In re McDonald, 318 B.R. 37, 47 (E.D.N.Y. Bankr. 2004). Congress, however, did not did not prohibit the entire "practice of law" in § 110(e)(2)(A). Instead, it chose to prohibit only one form of legal practice: providing "legal advice." Id. And Congress did so despite understanding the difference between "legal advice" and "practice[ing] law." Indeed, elsewhere in § 110, Congress expressly required a bankruptcy petition preparer to inform prospective clients that the preparer "is not an attorney and may not practice law or give legal advice." 11 U.S.C. §

8

110(b)(2)(B)(i) (emphasis supplied); <u>see also</u> 11 U.S.C. § 110(k) ("Nothing in this section shall be construed to permit activities that are <u>otherwise</u> prohibited by law, including rules and laws that prohibit the unauthorized practice of law") (emphasis supplied). And when Congress "uses certain language in one part of the statute and different language in another, the court assumes different meanings were intended." <u>Sosa v. Alvarez-Machain</u>, 542 U.S. 692, 712 n. 9, 124 S. Ct. 2739, 159 L. Ed. 2d 718 (2004) (internal citations and quotations omitted). Thus, the Court interprets § 110(e)(2)(A)'s prohibition on rendering "any legal advice" to mean exactly what it says, and nothing more.

Accordingly, the Court turns to the question of whether Mr. Wynns provided "any legal advice." To that end, the Court turns to the three tasks the Bankruptcy Court considered the unauthorized practice of law and see which, if any, constitute legal advice: (1) "filling out schedules and worksheets comprising [the Clarkes'] petition"; (2) sending the Clarkes a letter "explain[ing] the procedures" they should follow and informing them about what "documents were missing" from their initial petition; and (3) writing a letter to the Clerk of the Court "advocat[ing]" the Clarkes' petition. <u>In re Clarke</u>, 2009 WL 1704492 at *7. Whether these actions violated § 110(e)(2) are questions of law. See <u>In re Tomlinson</u>, 343 B.R.

400, 407 (E.D.N.Y. 2006). Thus, the Court reviews the Bankruptcy Court's findings de novo.

  A. Mr. Wynns Did Not Provide Legal Advice By Filling Out Schedules And Worksheets

First, the Bankruptcy Court concluded that Mr. Wynns violated § 110(e)(2)(A) by "filling out schedules and worksheets comprising [the Clarkes'] petition." In re Clarke, 2009 WL 1704492 at *7. The Court disagrees. Bankruptcy petition preparers may legally "typ[e] or otherwise prepar[e] the forms and schedules that comprise the Debtor's Petition." In re McDonald, 318 B.R. 37, 46 (E.D.N.Y. Bankr. 2004). Bankruptcy petition preparers get in trouble when they do more than that, such as by selecting the information used to claim exemptions under Schedule C.[2] Here, the Bankruptcy Court found that Mr. Wynns "filled out the schedules and worksheets comprising [the Clarkes'] petition." It did not find that Mr. Wynns advised the Clarkes' on applicable exemptions, or otherwise counseled them

---

[2] See In re Evans, 413 B.R. 315, 325 (E.D. Va. 2009); In re Rojero, 399 B.R. 913, 919-20 (D.N.M. Bankr. 2008) (violation despite preparer using computer program that selected applicable exemptions); but see In re Brummitt, 323 B.R. 522, 528 (M.D.Fla. Bankr. 2005) (no violation with respect to preparer's "advice to the Debtors on what values to assign to property on Schedule B"). The Court notes, however, that these courts all assumed, as the Bankruptcy Court did here, that § 110(e)(2)(A) broadly prohibits the "unauthorized practice of law," rather than just unauthorized "legal advice."

on how protect their rights. And for good reason. At trial, the evidence indicated only that Mr. Wynns received information from Mr. Giordano and then entered this data into a computer program to generate the Clarkes' petition schedules. (Tr. 94). The U.S. Trustee introduced no evidence indicating that Mr. Wynns, or even his computer program, advised the Clarkes concerning applicable exemptions. Nor did the U.S. Trustee argue, in its post-trial briefs, that Mr. Wynn somehow provided legal advice by completing the Clarkes' schedules. Accordingly, accepting the Bankruptcy Court's factual findings, the Court concludes that Mr. Wynns did not provide "legal advice" when he took the Clarkes' information and used it to complete the Clarkes' petition schedules.

B. <u>Mr. Wynns Did Provide Legal Advice By Writing the Clarkes, Albeit Minimally</u>

Second, the Bankruptcy Court found that Mr. Wynns violated § 110(e)(2)(A) when he sent the Clarkes a letter "explain[ing] the procedures" they should follow and informing them about what "documents were missing" from their initial petition. <u>In re Clarke</u>, 2009 WL 1704492 at *7. These are the statements that got Mr. Wynns in trouble:

> The clerk gave you a Notice of Deficient Filing – Chapter 7, which you then gave to Jeffrey, which he then forwarded to me. The Notice also mentions the requirement to furnish copies of your pay statements for the past 60 days, and I'm sure you will not forget to do that, if you

11

> haven't already done so.  Also, I believe you are expected to furnish the Trustee with a copy of your most recent tax return promptly, if you haven't already done so.  I'm sure you probably have already filed your Certificate of Credit Counseling along with the petition, so that is done.  And don't forget to get your separate Financial Management Certificate no later than 45 days after the Creditors' Meeting.  (You can get it right away if you want to).
>
> I have printed out these forms, four copies of each one, and have prepared the envelope so that you may conveniently send them to the court, along with another pre-stamped envelope so that they can return one file-stamped copy to you.  Fortunately, the court has allowed us 15 days, or until April 19th to get these filed with the court.  If you will please sign where you need to and get them in the mail immediately, I expect you will have your copies back before the 15 days is up.

The Court finds that these statements convey a mix of factual information and legal advice.  It is not legal advice to state that the Notice of Deficiency required the Clarkes to furnish their pay statements for the last 60 days, or file a Financial Management Certificate within 45 days of the Creditors' Meeting.  This information is evident from the face of the Notice, and lawyers have no monopoly on reading court communications.  But Mr. Wynns did more than just report facts.  He also provided advice by expressing his personal "belie[f]" that the Clarkes are "expected to furnish the Trustee with a copy of your most recent tax return promptly," even though the Notice of Deficiency said nothing about furnishing tax returns.

This infraction was exceedingly minor. And it likely resulted from Mr. Wynns' good intentions in wanting to serve his clients well and provide helpful, accurate information. But it was an infraction nevertheless. Accordingly, the Court finds that Mr. Wynns' letter to the Clarkes did improperly convey legal advice.

C. Mr. Wynns Did Not Provide Legal Advice By Writing the Clerk of the Court

Lastly, the Bankruptcy Court found that Mr. Wynns violated § 110(e)(2)(A) by writing the Clerk of the Court and advocating on the Clarkes' behalf. In re Clarke, 2009 WL 1704492 at *7. Specifically, in the letter, Mr. Wynns: (1) informed the Clerk that he acted as the Clarkes' bankruptcy petition preparer; (2) set forth that, although he "thought" he had originally provided the Clarkes with certain documents, he had failed to do so; (3) indicated that he had now provided the Clarkes with these documents; (4) reported that, although Mr. Clarke informed him that he filed certain declarations, PACER failed to indicate that they had been filed; (5) enclosed additional copies of the documents that PACER did not list as filed; and (5) affirmed (incorrectly) that he did not provide the Clarkes with any legal advice.

Nothing in this letter conveys any legal advice, either to the Clarkes or to the Clerk of the Court. Nor, for

13

that matter, does drafting this letter constitute the unauthorized practice of law. Rather, it is more akin to a Declaration or Affirmation submitted by a non-party to support a party's version of events – filled with factual information, but devoid of any legal analysis. This is particularly true because Mr. Wynns did not identify himself as an attorney, but as a non-attorney bankruptcy petition preparer.

Accordingly, the Court finds that Mr. Wynns' letter to the Clerk of the Court did not violate § 110(e)(2)(A).

D. Summary of § 110(e)(2)(A) Claim

The Court affirms the Bankruptcy Court's finding that Mr. Wynns violated § 110(e)(2)(A), but on more limited factual and legal grounds than the Bankruptcy Court held. The Court finds that § 110(e)(2)(A) prohibits a bankruptcy preparer from providing "legal advice," and that Mr. Wynns violated this prohibition when he expressed his personal "belie[fs]" to the Clarkes about their need to furnish the "Trustee" with a copy of their most recent tax return. But Mr. Wynns did not violate § 110(e)(2)(A) by preparing the Clarkes' bankruptcy petition schedules, or by writing to the Clerk of the Court concerning the Clarkes' petition.

IV. Appropriateness of an Injunction

Mr. Wynns further argues that the Bankruptcy Court erred in enjoining him, under 11 U.S.C § 110(j), from further

14

violating the statute. Specifically, Mr. Wynns argues that the U.S. Trustee did not allege, much less prove, any facts indicating that injunctive relief was needed to ensure that Mr. Wynns complies with the law. And Mr. Wynns further argues that his trial testimony establishes that he will fully comply with the law even without an injunction.

The Court reviews the Bankruptcy Court's decision to issue an injunction under § 110(j) for abuse of discretion. See In re Reynoso, 315 B.R. 544, 553 (9th Cir. B.A.P. 2004). Here, the Bankruptcy Court did not abuse its discretion. Mr. Wynns violated three sections of the Bankruptcy Code by failing to provide proper disclosures of his non-attorney status, failing to provide written contracts, and improperly providing legal advice. 11 U.S.C. §§ 110, 528. And Mr. Wynns continues to operate The Bankruptcy Assistant. Given these facts, the Bankruptcy Court was within its discretion to finding injunctive relief "appropriate to prevent the recurrence of such conduct." 11 U.S.C. § 110(j)(2)(A)(ii).

V. Imposition of Fines, Damages and Attorneys' Fees

Mr. Wynns also challenges the Bankruptcy Court's imposition of fines, damages and attorneys' fees. In response, the U.S. Trustee concedes that the Bankruptcy Court improperly awarded it $2,000 under 11 U.S.C. § 110(i)(2). But it contends

that the Bankruptcy Court properly awarded the remaining relief against Mr. Wynns. The Court agrees.

11 U.S.C. § 110(l)(1) permits the Bankruptcy Court to impose fines of "not more than $500" for each violation of subsections "(b), (c), (d), (e), (f), (g), or (h)." Here, Mr. Wynns violated § 110(b)(2)(A) by failing to provide the required disclosures to either the Clarkes or Najdaks. And Mr. Wynns violated § 110(e)(2) by improperly providing the Clarkes with legal advice. Accordingly, the Bankruptcy Court, exercising its discretion, properly fined Mr. Wynns $500 for his violations concerning the Clarkes' petition, and $250 for his violations concerning the Najdeks' petition.

The Bankruptcy Court also properly awarded $2000 to both the Clarkes and Najdeks in statutory damages. 11 U.S.C. § 110(i)(1) sets forth that, if the bankruptcy petition preparer "violates this section," the debtor is entitled to recover actual damages plus "the greater of" $2000 or "twice the amount paid by the debtor to the bankruptcy petition preparer for the preparer's services." Here, neither the Clarkes nor the Najdeks had any actual damages. Nor did either of them pay Mr. Wynns more than $1000 for his services. Thus, the statute entitles them both to $2000, precisely the amount the Bankruptcy Court awarded.

Mr. Wynns argues that this result is "absurd," because the statute elsewhere imposes only a $500 fine. But this argument conflates two different kinds of relief: fines (paid to the U.S. Trustee) and damages (paid to the victimized party). And there is nothing "absurd" over a defendant being forced to pay both fines and damages.

Mr. Wynns also argues that the statute does not require awarding his clients $2000 each, particularly when there is no evidence that they suffered any harm. The Court disagrees. The statute expressly states that "If a bankruptcy petition preparer violates this section . . . the court shall order" the very relief the Bankruptcy Court ordered. 11 U.S.C. § 110(i). This language does not provide the Court with any discretion to reduce Mr. Wynns' liability.

Mr. Wynns further argues that the $2000 payments constitute punitive damages, which cannot be awarded absent actual damages. Again, the Court disagrees. The $2000 awards are statutory damages. Statutory damages are not punitive, "but rather are intended to liquidate uncertain actual damages and to encourage victims to bring suit." See Penzer v. Transportation Ins. Co., 545 F.3d 1303, 1311 (11th Cir. 2008) (internal citations and quotations omitted).

Finally, Mr. Wynns contends that the Bankruptcy Court's order improperly grants the Clarkes and Najdeks a

17

"windfall" at his expense. To some extent, the Court agrees. But Congress mandated this "windfall" in the statute. So the Bankruptcy Court properly awarded it.

VI. Mr. Wynns' Claim for Attorneys' Fees

Finally, Mr. Wynns argues that the Bankruptcy Court should have awarded him his attorneys' fees and costs under 28 U.S.C. §§ 1927, 2412(b). This argument is frivolous. Mr. Wynns is not a prevailing party. He is a party who has been found liable for five separate violations of the Bankruptcy Code (two violations of § 110(b), two violations of § 528(a), and one violation of § 110(e)(2)), ordered to pay fines and statutory damages, and subjected to a permanent injunction against further violations. Thus, he has no right to collect his attorneys' fees and costs from the U.S. Trustee.

CONCLUSION

The Bankruptcy Court's Memorandum Decision is AFFIRMED IN PART AND REVERSED IN PART. Specifically, the Bankruptcy Court is REVERSED with respect to its findings that: (1) Mr. Wynns' engaged in the "unauthorized practice of law"; (2) Mr. Wynns violated § 110(e)(2) by drafting the Clarkes' bankruptcy schedules and worksheets; (3) Mr. Wynns violated § 110(e)(2) by writing the Clerk of the Court on the Clarkes' behalf; and (4) ordering Mr. Wynns to pay $2000 to the U.S. Trustee under §

110(i)(2). The Bankruptcy Court is AFFIRMED in all other respects.

SO ORDERED.

/s/
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
March  29 , 2010